

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. M. Pribble
County Attorney
Goldthwaite, Texas

Dear Sir:

Opinion No. O-4037
Re: Liability of a moving picture
theater operator for the occu-
pation tax prescribed in Sec.
22a of Art. 7047, V.A.C.S.,
when said operator has paid
an ad valorem tax on the fix-
tures and equipment used in
said theater.

        This is in reply to your request for an opinion,
which request reads as follows:

        ". . .

        "'Is the owner and operator of a moving pic-
ture theater, where a charge for admission is
made, subject to pay the occupation tax as set
out in Art. 7047 Section 22a, when such owner and
operator renders and pays state and county ad
valorem taxes on the fixtures and equipment of
such moving picture theater?

        "'If so, what is the penalty for the fail-
ure to pay such occupation tax?'

        ". . . ."

        The statute which levies the tax in question is
House Bill No. 7, Forty-first Legislature, 5th Called Ses-
sion, 1930, which is codified as Section 22a of Article 7047,
Vernon's Annotated Revised Civil Statutes of Texas; and said
statute reads as follows:

        "SECTION 1.  There shall be collected from
the owner, proprietor or operator of every opera
house, theatre, tent, airdome or other structure

whose theatrical or dramatic presentations, musical comedy shows, moving pictures or other entertainments or exhibitions are given for profit in cities, towns and villages under 1,000 inhabitants, an annual tax of $5.00; in towns and cities of 1,000 inhabitants and under 2,500 inhabitants, an annual tax of $15.00; in towns and cities of 2,500 inhabitants and under 5,000 inhabitants, an annual tax of $20.00; in towns and cities of 5,000 inhabitants and under 10,000 inhabitants, an annual tax of $30.00; in towns and cities of 10,000 inhabitants and under 15,000 inhabitants, an annual tax of $30.00; in towns and cities of 15,000 and under 20,000, an annual tax of $40.00; in towns and cities of 20,000 inhabitants and under 30,000 inhabitants, an annual tax of $50.00; in towns and cities of 30,000 inhabitants and under 40,000 inhabitants, an annual tax of $60.00; in towns and cities of 40,000 or more, an annual tax of $75.00. In each case the population shall be determined by the last preceding Federal Census.

"SEC. 2.    Said annual tax shall be collected from the owner, proprietor of every opera house, theatre, tent, airdome or other structure where theatrical or dramatic presentations, musical comedy shows, moving pictures or other amusements, entertainments or exhibitions are given for private profit in such cities, towns or villages of the sizes aforesaid; provided, further, if any opera house, theatre, tent, airdome or other such structure is transported from place to place, and is used in the manner and for the purposes herein set out in more than one city, town or village, only one annual occupation tax shall be collected from the owner, proprietor or operator of said opera house, theatre, tent, airdome or other structure, as set out in Section 1 hereof; provided, that in addition to the State Occupation Tax herein imposed, counties, incorporated cities, towns and villages shall each have the power and authority to collect one-half (½) of the amount of such State Occupation Tax.

"  .   .   ."

Honorable A. M. Pribble, Page 3

The penalty for operating a theater without paying the tax fixed by said Section 22a is prescribed in Section 43 of said Article 7047, V.A.C.S., as follows:

"43. Penalty.--Whoever shall pursue or follow any occupation, calling or profession or do any act taxed by law, or exhibit any machine or instrument, for which a tax is required to be paid, without exhibiting and displaying the tax receipt issued to him in the manner provided in this Act shall be guilty of a misdemeanor and upon conviction, fined in any sum not exceeding Fifty Dollars ($50.00). Acts 1931, 42nd Leg., p. 355, ch. 212, § 1."

We are unable to see any reason why the operator of the moving picture theater in question is not liable for the tax prescribed in said Section 22a if moving pictures or other exhibitions are given for profit in said theater. This is an occupation tax, and the fact that the equipment used in conducting the occupation has been subjected to ad valorem taxes is no reason why the carrying on of the occupation cannot be taxed. In the case of Republic Iron & Steel Co. v. State, 204 Ala. 469, 86 Sou. 65, the court said:

". . . The fact that property once taxed may be used in connection with a distinct business or occupation, directly or indirectly, does not prevent a privilege tax upon the business or occupation; . . ."

In the case of Terrell v. McDonald, 32 Ariz. 30, 255 Pac. 485, the court said:

". . .

"The tax exacted for the privilege of engaging in a business or occupation is not a property tax, as contended by appellant, and the fact that a property tax is paid upon the property used in the business is not regarded as constituting double taxation. For a clear statement of the law bearing upon the last two propositions, we cite the opinion of Mr. Justice Brewer, in City of Newton v. Atchison, 31 Kan. 151, 1 P. 288, 47 Am. Rep. 486.

". . ."

Honorable A. M. Pribble, Page 4

The constitutional provisions that approach nearest to this question are Sections 1 and 2 of Article VIII of the Constitution of Texas, but we do not believe said provisions impede the collection of this tax. Said Section 1 reads as follows:

"Taxation shall be equal and uniform. All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. The Legislature may impose a poll tax. It may also impose occupation taxes, both upon natural persons and upon corporations, other than municipal, doing any business in this State. It may also tax incomes of both natural persons and corporations other than municipal, except that persons engaged in mechanical and agricultural pursuits shall never be required to pay an occupation tax; Provided, that two hundred and fifty dollars worth of household and kitchen furniture, belonging to each family in this State shall be exempt from taxation, and provided further that the occupation tax levied by any county, city or town for any year on persons or corporations pursuing any profession or business, shall not exceed one half of the tax levied by the State for the same period on such profession or business."

The part of said Section 2 that deals with occupation taxes reads as follows:

"All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; . . ."

Our answer to your question is that a person who is owner and operator of a moving picture theater is liable for the tax prescribed in Section 22a of Article 7047, V.A.C.S., if moving pictures or other entertainments or exhibitions are given in said theater, regardless of the fact that said person has paid an ad valorem tax on the fixtures and equipment of said theater. The penalty for failure to pay said tax is prescribed in Section 43 of said Article.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Cecil C. Rotsch

CCR:mp

APPROVED OPINION COMMITTEE BY [signature] CHAIRMAN